## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT CHARLESTON

JO ANN GORE,

    Plaintiff,

v.                                          CIVIL ACTION NO. 2:16-cv-09223

THE KROGER CO.,
an Ohio corporation,

    Defendant.

### COMPLAINT

Plaintiff JO ANN GORE, by counsel, states and alleges as follows in her Complaint against Defendant, THE KROGER CO. In support thereof, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1391 respectively. This is a civil action in which the amount in controversy exceeds the sum of $75,000.00 exclusive of interests and costs, and is based on diversity of citizenship between the parties. Jurisdiction and venue are also proper herein under the laws and constitution of the United States of America in that the Defendant, The Kroger Co., is a foreign corporation and the negligence in question occurred in Kanawha County, West Virginia, and within the Charleston Division of the United States District Court for the Southern District of West Virginia, and the Plaintiff is a resident of Cross Lanes, Kanawha County, West Virginia.

### PARTIES

2. Plaintiff Jo Ann Gore is a resident of Cross Lanes, Kanawha County, West Virginia.

She is a widow who lives alone.

3. The Defendant, The Kroger Co. ("Defendant"), is a corporation organized and existing under the laws of the State of Ohio with its principal office located in Cincinnati, Ohio.

4. The Kroger Co., at all times relevant was a large regional supermarket chain authorized to and engaged in the business of selling foodstuffs, health and beauty aids, and household supplies. The Kroger Co. owns and/or operates the Kroger store at 5450 Big Tyler Road in Cross Lanes, West Virginia ("Cross Lanes").

## FACTS

5. At all relevant times hereto, Jo Ann Gore was a retired lady who was independent and active, maintaining both the interior and exterior of her home, before her injuries as described herein which occurred on October 4, 2015.

6. That on October 4, 2015, in the later afternoon, Plaintiff, accompanied by her daughter and her son-in-law, was a business invitee or customer of Defendant at the Cross Lanes store location, who had stopped to shop for food items.

7. That the entrance to the Cross Lanes store requires business invitees or customers such as Plaintiff to enter through two sets of double doors positioned in the entrance way.

8. That the business invitee or customer immediately after entering the store through the second set of double doors is then directed to walk to the location where the shopping carts are stored for use by the business invitee or customer.

9. That within a few steps inside of the entry through the second set of double doors the Defendant constructed a set of "saloon doors" for the entry of shopping carts from the store parking lot.

10. By the design of the saloon doors, and by store procedure, the shopping carts are pushed through the "saloon doors" from behind by a store employee who is blind to the presence of any customer walking the path prescribed by the store layout to the shopping cart storage location, and the business invitee or customer is blind to the incoming shopping carts.

11. That this double blind approach to an intersection of shopping carts and business invitee or customer walking path as prescribed by the store design or layout is a serious safety hazard, because the business invitee or customer is blind to the entry of unguided shopping carts into her walking path, thereby creating an unsafe premises which was known, or should have been known, by the Defendant who constructed and/or operated this store.

12. That in addition to the negligent design and construction of the saloon doors creating a double blind intersection of moving shopping carts and business invitees or shoppers, the Defendant was negligent in not exercising reasonable care by not posting a warning sign or positioning an employee to prevent the reasonably foreseeable collision between moving shopping carts and business invitee or customer at the double blind intersection of the saloon doors and business invitees or customers walkway prescribed by the store design or layout to reach the shopping cart storage area.

13. That, further, Defendant failed to exercise reasonable care and was negligent in that it posted, or permitted to be posted, on the windows to the side of the business invitee or customer facing the side of the saloon doors and entryway for the moving shopping carts a number of signs which blocked visibility to the shopping carts being moved inside the store.

14. That as a direct and proximate result of Defendant's actions and conduct in its failure to exercise reasonable care and negligence, the Plaintiff was struck with the unexpected force of

moving shopping carts and knocked to the ground, a hard concrete and tile floor, landing on her coccyx and her right hand and thumb, as well her right shoulder.

15. That as a direct and proximate result of the actions and conduct of Defendant's failure to exercise reasonable care and negligence of Defendant, Plaintiff JoAnn Gore sustained severe and permanent personal injury to her coccyx requiring extended bed rest and extensive home physical therapy, rendering her unable to care for herself.

16. As a direct and proximate result of the actions and conduct of Defendant, Plaintiff sustained severe and permanently disabling injury to her right hand, including but not limited to, fracture of the right thumb requiring surgery and insertion of metal plates and screws to fasten the bone in place, resulting in immobility and thus effective loss of the opposable thumb.

17. That Plaintiff has required extensive hospital, medical, pharmaceutical care, and physical therapy treatment for her injuries, which are serious and permanent.

18. As a direct and proximate result of the actions of the Defendant, the Plaintiff has in the past, and will in the future, experience the following injuries and damages:

    a. medical, hospital, surgical and therapy expenses in excess of $70,000.00;

    b. extreme physical pain and suffering;

    c. extreme mental anguish and suffering;

    d. permanent physical impairment;

    e. loss of capacity to enjoy life;

    f. medical treatment and therapy expenses past and future; and

    g. annoyance and inconvenience.

19. Defendant's wilful, wanton, reckless and intentional exposure of Plaintiff to a

dangerous situation by creating a double blind walkway as described herein, with flagrant disregard for the safety of its customers, justifies the recovery of exemplary or punitive damages as a deterrent for further reckless conduct.

WHEREFORE, Plaintiff Jo Ann Gore demands judgment against Defendant for such an amount as will be determined by a jury according to the laws of the State of West Virginia, including compensatory and punitive damages, together with costs, attorney fees, and pre-judgment and post-judgment interest.

PLAINTIFF DEMANDS A TRIAL BY JURY.

JO ANN GORE
BY COUNSEL

/s/ Guy R. Bucci
Guy R. Bucci, Esq. (WVSB #0521)
BUCCI & LYNCH
112 Capitol Street, Suite 200
Charleston, WV 25301
Phone: (304) 344-0020

F. Alfred Sines, Jr., Esq.
Victoria L. Casey, Esq.
1516 Viewmont Drive
Charleston, West Virginia 25302